# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2012

No. 11-60786
Summary Calendar

Lyle W. Cayce
Clerk

MINH NGOC NGUYEN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 921 065

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Minh Ngoc Nguyen, a native and citizen of Vietnam, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the order of removal entered by the Immigration Judge (IJ).

According to Nguyen, the IJ and BIA erred in holding that he failed to show that he suffered past persecution by the Communist Party as they failed to consider that he was subjected to indoctrination meetings for eight hours a day for four to six months. Nguyen has not shown that the evidence compels a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusion contrary to the decision of the IJ and BIA that he did not establish that he suffered past persecution. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Nguyen alleged that he was disciplined by the Communist Party, removed from his position as a youth leader, sent to reeducation camp in which he was questioned for eight hours per day for four to six months, had his business property confiscated temporarily, and suffered general harassment. However, he acknowledged that neither he nor anyone in his family was physically harmed or incarcerated; he and his wife continued to work in the same government jobs before and after he was disciplined by the Communist Party; and he continued his education and operated a new private business without interference from the Communist Party. Contrary to Nguyen's argument, the IJ and BIA considered his allegations that he was forced to go to a reeducation camp in which he was questioned for eight hours per day for a four to six month period. Nguyen's reliance on *Phommsoukha v. Gonzales*, 408 F.3d 1011, 1013-15 (8th Cir. 2005), is misplaced because it involved much more severe circumstances in which the alien was imprisoned in a concentration camp for reeducation for four to six years, was kept in an underground cell, subjected to political indoctrination, required to perform forced labor, and denied contact with his family or other prisoners. Nguyen has not shown that the evidence compels the conclusion that he suffered harm that was so severe that it would constitute past persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 114 (5th Cir. 2006).

Nguyen contends that his due process rights were violated because the interpreter did not accurately translate his testimony; he and the interpreter spoke different dialects of Vietnamese; the translator was unable to translate the word "dang"; and the faulty translation influenced the outcome of the proceedings. He has not shown that he was prejudiced by the alleged inadequacies of the translation. *See Wang v. Holder*, 569 F.3d 531, 539 n.6 (5th Cir. 2009); *Venturini v. Mukasey*, 272 F. App'x 397, 401 (5th Cir. 2008). After

further questioning, Nguyen clarified that the term "dang" referred to the Communist Party.  Because he has not demonstrated that any other specific testimony was mistranslated or that any specific facts not communicated would have compelled the granting of relief, he has not shown that he suffered substantial prejudice and has not established a cognizable due process violation. *See Wang*, 569 F.3d at 539 n.6; *Venturini*, 272 F. App'x at 401.

PETITION DENIED.